Rocco and Anthony DeNUBILO, d/b/a Roc's Tavern, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 329, Docket 29341.

United States Court of Appeals Second Circuit.

Argued March 2, 1965.

Decided March 17, 1965.

**456**

Gerard R. Gemmette, Schenectady, (Louis Lombardi, Schenectady, on the brief), for plaintiffs-appellants.

Meyer Rothwacks, Department of Justice, Washington, D. C. (Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Marco S. Sonnenschein, Attorneys, Department of Justice, Justin J. Mahoney, U. S. Atty. for Northern District of New York, on the brief), for defendant-appellee.

Before MOORE, KAUFMAN and HAYS, Circuit Judges.

**PER CURIAM:**

The plaintiffs, who as partners own and operate a restaurant-tavern in Schenectady, New York, sued the United States to recover $469.68 allegedly erroneously assessed as an excise tax deficiency for the first quarter of calendar year 1956. They now seek to appeal from an order of the District Court for the Northern District of New York denying their motion to amend their complaint to embrace an additional $5,485.81 paid to meet deficiency assessments for the thirteen quarters from March 1, 1956, to June 30, 1959. The District Court rested its decision on the taxpayers' failure to file a proper refund claim for the additional sums as required by the Internal Revenue Code of 1954, 26 U.S.C. § 7422(a). But, the Government suggests quite properly that the well-established policy against piecemeal review deprives us of jurisdiction to consider the merits at this juncture and accordingly we dismiss the appeal.

Since an excise tax deficiency is divisible into a tax on each transaction or event, Flora v. United States, 362 U.S. 145, 175 n. 38, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), this refund suit would involve multiple claims. Therefore, it may be argued that the District Court, in denying leave to amend, in effect dismissed taxpayers' claims for the thirteen quarters and the provisions of Fed.R.Civ. P. 54(b), governing entry of final judgment upon some but not all of multiple claims, would come into play. But, even if this were so, the District Court did not, in accordance with that Rule, *expressly* determine that there was no just reason for delay and did not *expressly* direct the entry of judgment, and thus the order would not be appealable. See Wolfson v. Blumberg, 340 F.2d 89 (2 Cir. 1965); 6 Moore, Federal Practice ¶54.28[2] (2 ed. 1953). And even if we assume, *arguendo*, that the amended complaint sets forth a unitary claim, making Rule 54(b) inapplicable, the order is still interlocutory and non-appealable. An order denying leave to amend a complaint is not a "final decision" within the meaning of 28 U.S.

C. § 1291; the "collateral order" doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), does not apply; and the taxpayers have not procured the certificate required under 28 U.S.C. § 1292(b), a prerequisite to an interlocutory appeal. See generally 6 Moore, Federal Practice ¶¶54.30[1], 54.12[2].

Appeal dismissed.