**Warren WELLS, Plaintiff-Appellant,**

v.

**SOUTH MAIN BANK et al.,
Defendants-Appellees.**

**No. 75-3348
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 3, 1976.

Warren Wells, pro se.

Ewing Werlein, Jr., David T. Harvin, Houston, Tex., for South Main Bank.

Don Stocking, Houston, Tex., for Spring Woods Bank.

Frank J. Knapp, Robert C. Floyd, Houston, Tex., for Vinson, et al.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Warren Wells initiated suit against South Main Bank on November 2, 1971, alleging violations of federal securities laws in connection with a $260,000 loan made by South Main to Wells. On March 9, 1973, the district court ordered this suit consolidated with a similar suit filed by Wells against Spring Woods Bank. Wells sought leave to file a second amended petition on March 11, 1974, advancing additional claims against South Main Bank and to join First City National Bank of Houston and its attorneys

---

* Rule 18, 5 Cir.; *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

as defendants. This motion and subsequent motions to reconsider were denied by the district court. We dismiss the appeal for lack of jurisdiction.

Appeals may be taken to this court only from final decisions, subject to certain exceptions carefully enunciated in the statutes, court rules, and cases construing them. *See* 28 U.S.C. §§ 1291–92 (1970); Fed.R.Civ.P. 54. Denial of leave to amend pleadings is ordinarily not final for purposes of appeal. *See, e. g., Horner v. Ferron,* 362 F.2d 224, 230 (9th Cir. 1966); *De-Nubilo v. United States,* 343 F.2d 455, 456–57 (2d Cir. 1965); *cf. Jones v. Diamond,* 519 F.2d 1090, 1095 (5th Cir. 1975). The right which Wells seeks to assert is neither separable from and collateral to the rights asserted in his suit against South Main Bank nor so independent of the main cause of action as to require immediate appellate treatment. Therefore, the exception to the finality rule enunciated in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) is not applicable.

DISMISSED.