**HEDGES ENTERPRISES, INC.**

**v.**

**CONTINENTAL GROUP, INC., American Bag & Paper Corp., Chase Bag Company, Harley Corporation, St. Regis Paper Company.**

**RALSTON PURINA COMPANY**

**v.**

**CONTINENTAL GROUP, INC., American Bag & Paper Corp., Chase Bag Company, Harley Corporation, St. Regis Paper Company.**

**The HARTZ MOUNTAIN CORPORATION**

**v.**

**CONTINENTAL GROUP, INC., American Bag & Paper Corp., Chase Bag Company, Harley Corporation and St. Regis Paper Company.**

**MID–WEST PAPER PRODUCTS COMPANY**

**v.**

**CONTINENTAL GROUP, INC., American Bag and Paper Corporation, Chase Bag Company, Harley Corporation, St. Regis Paper Company.**

Civ. A. Nos. 78–1254, 77–3092, 77–1931 and 76–3935.

United States District Court, E. D. Pennsylvania.

Sept. 19, 1979.

Seymour Kurland, Harold E. Kohn, David Berger, Mitchell A. Kramer, Daniel B. Pierson, V, Philadelphia, Pa., for plaintiffs.

Theodore W. Flowers, Philadelphia, Pa., for defendants.

## MEMORANDUM

BECHTLE, District Judge.

Presently before the Court is the motion of defendant American Bag and Paper Corporation ("American") for modification of this Court's Order of June 20, 1979, which denied American's motion for leave to amend its answer to assert crossclaims for contribution against its four codefendants. American moves, in the alternative, for certification of the June 20, 1979, Order pursuant to Fed.R.Civ.P. 54(b) and 28 U.S.C.

§ 1292(b), in order to permit an immediate appeal.

The instant motions arise out of an alleged price-fixing conspiracy in the "consumer bag" industry which is alleged to have begun as early as 25 years ago. As of June 20, 1979, tentative settlements had been reached between the plaintiffs and all four of American's codefendants. On June 5, 1979, American moved for leave to amend its answer, pursuant to Fed.R.Civ.P. 15(a), to allege crossclaims for contribution against its four codefendants. On June 20, 1979, following full briefing and a hearing on the matter, the Court denied American's motion on the grounds that: (1) the motion for leave to amend was made after inexcusable and undue delay; (2) an amendment to assert crossclaims for contribution would prejudice the settling parties; and, (3) it would be futile to permit an amendment to assert crossclaims because there is no right to contribution among joint antitrust tortfeasors under prevailing federal law. American urges the Court to delete the third ground stated in its Order or, in the alternative, to permit an immediate appeal.

## I. *Motion for Modification*

Although American disagrees with all three of the grounds stated in support of the June 20, 1979, Order, the primary focus of the motion to amend is the Court's finding that it would be futile to allow amendment. Specifically, American argues that the third ground is unnecessary to support the Order; that the ground may constitute *res judicata* in some independent action brought by them for contribution; and, that an appellate court may not reach the third ground because it could uphold the Court's Order on either of the first two grounds.

■ The Court disagrees. While it is true that each of the three stated grounds alone would support a denial of leave to amend, when the Court is convinced of the correctness of each of the alternative grounds, it is entirely proper to rely on more than one ground in support of an Order. Similarly, the Court does not believe its statement that it would be futile to allow amendment, implicitly based to some extent on notions of judicial economy, would constitute *res judicata* in any subsequent proceeding. First, the Court's finding is properly cast as a point of law and not of fact. Thus, any other court which subsequently examines the issue of whether there is a right to contribution among antitrust joint tortfeasors would not be bound by this Court's decision, but would be free to examine the authorities anew. Second, it was not necessary that the Court's finding be the result of a full evidentiary hearing on the merits of the issue of whether such a right to contribution exists, but was a judgment of law based on an alleged factual premise.

American argues that further clarification on the legal issue will be shortly forthcoming from the appellate courts and Congress. While this might be so, it is neither desirable nor necessary for this Court to stand by, or defer or decide not to rule on the issue that is before the Court and for which there is a basis upon which it should now be decided.

■ Finally, American argues that the Court should delete the third ground because an appellate court could affirm the Order on the first two grounds alone without reaching the third ground, thus leaving *this* Court's decision on that third ground as binding in any enforcement action against the four codefendants. Again, the Court disagrees. If an appellate court relies on the first two grounds without deciding the third ground, except for the ruling being the law of the case in *this* civil action on the allegations and the law supporting the ruling, no other precedent would be established as to the right to contribution. Since the Court is convinced of the correctness of all three stated grounds and is of the opinion that the use of alternative but internally consistent grounds for this decision is warranted, the Court will deny American's motion to modify the Court's Order of June 20, 1979.

**618**

## II. *Certification Under Fed.R.Civ.P. 54(b)*

■ American asks the Court to find that there is no just reason for delay and to expressly order the entry of final judgment on the Court's Order of June 20, 1979, denying its motion for leave to amend. In support of its position, American argues that certification is necessary to preserve its right to appeal this Court's finding that an amendment would be futile. The Court disagrees. American will be able to seek review of that finding after the entry of final judgment under 28 U.S.C. § 1291. The additional hurdles posed by the Court's findings of undue delay and prejudice will confront American in any event. Secondly, certification under Rule 54(b) is limited to Orders which would be "final" under 28 U.S.C. § 1291 but for the fact that there are other claims or parties in the action. *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437–438, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). *See* Wright & Miller, *Federal Practice and Procedure,* § 2656 at 42–43 (1st ed. 1973). An Order denying leave to amend is not a final decision under § 1291. *Wells v. South Main Bank,* 532 F.2d 1005 (5th Cir. 1976). Accordingly, the Court will deny the motion to certify its Order of June 20, 1979. *See also Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 364 (3d Cir. 1975).

## III. *Certification Under 28 U.S.C. § 1292(b)*

■ American urges the Court to make the findings that: (1) the Order of June 20, 1979, involves a controlling question of law as to which there is substantial ground for difference of opinion; and (2) an immediate appeal will materially advance the termination of the litigation. 28 U.S.C. § 1292(b). The Court believes American is incorrect on both of these grounds. The Court is convinced and, therefore, finds that there is no substantial ground for difference of opinion on the issue of contribution. *See, e. g., In re Corrugated Container Antitrust Litigation,* 1971–1 CCH Trade Cas. ¶ 62,689, 84 F.R.D. 40 (S.D.Tex.1979). Secondly, to permit an appeal at this point in the litigation would delay the resolution of the principal action substantially. On the other hand, if we proceed with the resolution of this complex matter in this Court, the settling defendants' cases will be resolved and American will be able to proceed with its appeal, if it so chooses. Accordingly, the motion for certification under 28 U.S.C. § 1292(b) will be denied. An appropriate Order will be entered.