**Lloyd Mae LOCKETT, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,**

v.

**GENERAL FINANCE LOAN COMPANY OF DOWNTOWN et al., Defendants-Appellees.**

No. 78–3185.

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1980.

Patrick D. Breeden, New Orleans, La., for plaintiffs-appellants.

Shushan, Meyer, Jackson, McPherson & Herzog, Attys., Donald A. Meyer, New Orleans, La., for defendants-appellees.

Before THORNBERRY, ANDERSON and THOMAS A. CLARK, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Lloyd Mae Lockett (referred to as Lockett or as Plaintiff) brought this class action, naming as named defendants General Finance Corporation of Louisiana and several other subsidiary corporations of a common parent corporation (the subsidiary corporations referred to collectively as Subsidiary), alleging that Subsidiary was the alter ego of its parent corporation (referred to as Parent) whose name was unknown and, therefore, unstated, referring to the several subsidiaries and the Parent as defendants, and specifically reserving the right to amend the complaint to name the Parent. During the course of the litigation Lockett filed a "Motion to Determine Status of Parent and/or Amend Complaint," seeking an order declaring that Parent was the alter ego of Subsidiary or in the alternative seeking leave to amend the complaint to add Parent as a party defendant. The district court denied the motion and entered a judgment holding that Parent had not been made a party and that service on Subsidiary was not service on Parent, and refusing to permit plaintiff to amend the complaint to add Parent as a party defendant. The district court entered the appropriate certificate under Rule 54(b) F.R.Civ.P. Lockett appealed. We reverse.

We first address the issue of whether the district court's order, denying Lockett's motion to amend her complaint to add Parent as a party defendant, is appealable.[1] The district court's Rule 54(b) certificate makes the order appealable, notwithstanding the fact that the order is a determination of the claim against only one party, leaving unresolved claims against other parties. However, even the Rule 54(b) certificate would not perfect appealability if the order were not a final determination of the claim against Parent. Professor Moore explains Rule 54(b) as follows:

> [T]he district court must make a final adjudication as to at least *one* of the multiple claims or multiple parties before the district court is authorized by its certificate to make its adjudication final. [footnotes omitted]

(emphasis in original) 6 *Moore's Federal Practice*, § 54.30[1] at 443. *Accord New Amsterdam Casualty Co. v. B. L. Jones & Co.*, 254 F.2d 917 (5th Cir. 1958); *Pabellon v. Grace Line, Inc.*, 191 F.2d 169 (2nd Cir.), *cert. denied* 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed. 669 (1951). Ordinarily an order denying leave to amend pleadings to add a party defendant would not be a final order. *Wells v. South Main Bank*, 532 F.2d 1005 (5th Cir. 1976). *Cf. Hartford Fire Insurance Co. v. Herrald*, 434 F.2d 638 (9th Cir. 1970). In this case, however, the statute of

1. For purposes of our discussion of finality and appealability, the district court's determination that Subsidiary was not the alter ego of Parent stands on the same footing as the order denying leave to amend to add Parent as a party defendant. With respect to each order the effect was to eliminate Parent as a party defendant.

limitations had run,[2] and would have barred a separate suit brought by Lockett against Parent. Accordingly, the district court's denial of Lockett's motion to amend to add Parent as a party defendant effectively terminates Lockett's claim against Parent. In this circumstance, we hold that the district court has finally adjudicated Lockett's claim against Parent. *See Carr v. Grace*, 516 F.2d 502 (5th Cir. 1975), where the dismissal of plaintiff's complaint without prejudice was held to be final because the statute of limitations would have barred a new complaint filed by plaintiff.

Having determined that the appeal is properly before this court, we consider next whether the district court committed error in denying Lockett's motion to amend its pleading to add Parent as a party defendant. The facts relevant to this determination can be briefly stated. Lockett's complaint, filed on October 29, 1974, designated the defendants as follows:

> General Finance Loan Co. of Downtown, General Finance Corp. # 2 of Louisiana Downtown, General Finance Corporation of Louisiana No. 2, and General Finance Corporation of Louisiana on information and belief, are or were foreign corporations with their principal place of business outside of the State of Louisiana, and they are or were licensed to do business in the State of Louisiana, and they are the alter ego of their parent whose name is unknown and therefore unstated, who completely controls and directs their operations and bank accounts, having overlapping officers and directors, and each and every subsidiary of the parent that operates and does business in the State of Louisiana whose name or names are unknown and therefore unstated, are all hereinafter referred to as Defendants. (Plaintiff specifically reserves the right to amend this Complaint to name each and every unknown and therefore un-

named subsidiary of Defendants' parent and to name Defendants' parent.)

Complaint R. 1. Service was made only on Subsidiary. After several extensions of time, a motion to dismiss was filed on March 24, 1975, on behalf of the following parties:

> NOW COME, General Finance Loan of Downtown, General Finance Corporation # 2 of Louisiana Downtown, General Finance Corporation of Louisiana # 2 and General Finance Corporation of Louisiana and the parent corporation and all subsidiaries of the parent corporation doing business in the State of Louisiana, who, if not properly before this Court on any other ground, shall not be considered as having made a general appearance herein by the filing of these motions, who file herewith said motions, together with the accompanying memorandum in support thereof.

R. 53. The motion to dismiss asserted, *inter alia*, that the court lacked subject matter jurisdiction, but did not assert lack of jurisdiction over the person of Parent or insufficiency of process with respect to Parent. On October 10, 1975, the district court denied defendants' subject matter jurisdiction attack, and on October 14, 1975, conditionally certified the class. Discovery followed. In answer to plaintiff's interrogatories, defendants provided the name and address of Parent on February 4, 1976. Defendants' answer to plaintiff's complaint, served on March 28, 1978, provided in part:

> GFC [the Subsidiary] is the sole defendant properly before this Court, the other named defendants having been previously merged into GFC on the days and dates set forth hereinafter. All mergers were concluded and effective December 31, 1973. The applicable statute, jurisprudence and comments with respect to

---

**2.** The complaint, filed on October 29, 1974, sought, among other relief, recovery of the penalties provided for violations of the Truth in Lending Act which occurred within the year preceding the filing of the suit. 15 U.S.C. § 1640(a) (1976). A suit to recover the penalties must be brought within the one-year stat-

ute of limitations. 15 U.S.C. § 1640(e) (1976). Lockett's motion to amend to add Parent as a party defendant was filed on May 5, 1978. It is apparent that a separate suit brought at that time by Lockett against Parent would have been time-barred.

Truth-in-Lending litigation indicates or tends to indicate that it is only to GFC that the plaintiff must look in the event they have sustained any loss whatsoever, which loss is specifically denied, and not to GFC's parent or other affiliated corporations.

R. 243. At a pretrial conference, also held on March 28, 1978, it was provided that Lockett would have until April 14, 1978, to file an amended pleading. This was later extended by court order to May 5, 1978. On May 5, 1978, Lockett filed her "Motion to Determine Status of Parent and/or Amend the Complaint." Lockett's motion sought to "amend the complaint to specifically name the parent corporation who was only previously referred to by reference being unknown and therefore unnamed." R. 252.

The district court denied Lockett's motion to amend the complaint to add Parent as a party defendant. Our standard of review on appeal is only for abuse of the district court's discretion. *Fox v. City of West Palm Beach*, 383 F.2d 189 (5th Cir. 1967). Professor Moore summarizes the factors to be taken into consideration:

> The district court must exercise its discretion and is required to allow amendments freely. In deciding whether to grant leave to amend, the trial court must take into account any prejudice that may result therefrom, and, if necessary, weigh this against any prejudice to the moving party if amendment were not permitted. However, refusal to allow amendment must be based on valid ground in order to withstand the test for abuse of discretion.
>
> The more common reasons for denying leave to amend are that the amendment will result in undue prejudice to the other party, is unduly delayed, is not offered in good faith, or that the party has had sufficient opportunity to state a claim and has failed. [footnotes omitted]

3 *Moore's Federal Practice* § 15.08[4] at 15–85, *et seq.* In *Henderson v. United States Fidelity and Guaranty Co.*, 620 F.2d at 534–535 (5th Cir. 1980), this court enunciated these same factors as being proper for the district court to consider in exercising its discretion. None of the reasons given by the district court[3] relate to the foregoing factors.[4] The record is clear that there could be no prejudice to Parent or to any named defendant. Parent knew or should have known from the original complaint that it was being named a party defendant or a potential defendant; although not named, Parent was referred to in its capacity as the parent of the several subsidiary corporations which were named defendants. Lockett specifically reserved the right to amend the complaint to name Parent. Parent cannot be heard to say that it had no notice of the suit, because it filed a motion to dismiss asserting lack of subject matter jurisdiction. Parent's reservation, that its appearance was not a general appearance, does not affect the obvious fact that parent knew about the suit. The fact of Parent's knowledge is reinforced by the fact that *every* officer or director of Subsidiary is also an officer or director of Parent. *See Taormina Corp. v. Escobedo*, 254 F.2d 171 (5th Cir. 1958), *cert. denied* 358 U.S. 827, 79 S.Ct. 44, 3 L.Ed.2d 66 (1958); *Travelers Indemnity Co. v. United States ex rel. Construction Specialties Co.*, 382 F.2d 103 (10th Cir. 1967). We conclude that Parent knew of the suit and knew that it was a defendant or a potential defendant. Under these circumstances, we hold that Parent could show no prejudice. *See Williams v. United States*, 405 F.2d 234 (5th Cir. 1968); *Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69 (5th Cir. 1961). *See also Marks v. Prattco, Inc.*, 607 F.2d 1153 (5th Cir. 1979).

Similarly, we think the record shows no undue delay on the part of Lockett. Lockett might reasonably have assumed that Parent had waived any issue of Parent's status as a defendant, the sufficiency of service of process, or of personal jurisdic-

---

3. See R. 285, *et seq.*

4. The reasons given by the district court related only to Lockett's argument that Subsidiary was the alter ego of Parent.

tion, by failing to assert same in its motion to dismiss based on lack of subject matter jurisdiction.[5] The first assertion that Parent was not properly before the court came in defendants' answer filed on March 29, 1978. Lockett promptly thereafter made its motion to determine the status of Parent, and in the alternative to amend to add Parent as a party defendant.

We hold that it was an abuse of discretion not to grant Lockett's motion to amend the complaint to add Parent as a party defendant.[6]

REVERSED AND REMANDED.

---

**5.** Parent may have waived the defenses of sufficiency of service of process and of personal jurisdiction. See Rule 12(g) and Rule 12(h), F.R.Civ.P. Because the parties have not briefed this issue, we express no opinion with respect thereto. If such defenses are raised by Parent on remand, Lockett will be free to assert waiver. *Pila v. G. R. Leasing and Rental Corp.,* 551 F.2d 941 (1st Cir. 1977).

**6.** Because we reverse on the ground above discussed, we do not address the district court's holding that Subsidiary is not the alter ego of Parent. However, because two of the district court's findings of fact—the finding that the source of the majority of the alleged violations was local office miscalculations, and the find-

ing that there was not sufficient evidence pointing to a uniform advertising practice—may be relevant to issues arising later in the litigation, we do comment on those findings. If the advertising issue is faced on remand, we request that the court below consider the appropriateness of taking judicial notice of the use of the "friendly Bob Adams" theme, and the significance of such use on the advertising factor. If the issue of the source of the alleged violations again arises, we request detailed findings of fact showing how each such violation relates either to Subsidiary operations on the one hand or on the other hand to the form or other documents provided by or controlled by Parent.