LETTS, Judge.
The question presented is whether the jury correctly calculated a money verdict in favor of a new home buyer and against the seller builder. We conclude its calculations were incorrect. ■
As we view it, extensive treatment of this case will add nothing to the body of the law and we write sparingly only to explain our conclusion.
The warranty furnished by the seller specifically excluded driveways, walkways, patios and swimming pools. Yet the ver-diet included $2,000 to correct a pool system defect and $810 for the driveway. Both these amounts must be deducted.
The repair to the patio is more difficult to resolve, for, although patios were also excluded, the seller specifically agreed to reset tiles around the pool area which pool area is contained within the perimeter of the patio replaced. Nonetheless, the seller clearly did not intend to pay for the entire patio retiled by another company, nor did he agree to do so. We remand this patio item and direct the judge to also reduce the amount of the verdict as to this item, charging the seller only with any sums expended to “reset tiles around the pool” which have not already been paid.
Finally, as to interest on the purchase money mortgage, the seller is entitled to interest, from the date of the note, on any sums which remain owing to the seller after our instructions are carried out.
REVERSED IN PART AND REMANDED.
DOWNEY and HERSEY, JJ., concur.