BOOTH, Judge.
This cause is before us on appeal from a summary final judgment for appellee Winnebago Industries, Inc. (hereinafter Winnebago),[1] wherein the trial court found, in pertinent part, as follows:
Winnebago Industries, Inc. was not notified of the alleged defects in the *804 Footes’ recreational vehicle and was not afforded an opportunity to cure any such defects.
The facts are that appellants purchased a new 1985 Winnebago motor home from R.V. Distribution Corporation, d/b/a Motor Homes of America (hereinafter seller), under an installment sales contract and security agreement. After taking delivery, appellants experienced various mechanical problems with the motor home. Appellants took the motor home to the seller several times, but the seller was unable to effect repairs satisfactory to appellants. Appellants ceased making payments under the installment contract and, on July 26, 1985, sent a letter to the seller with a copy to Winnebago, revoking acceptance of the motor home.
The assignee under the installment contract and security agreement thereafter sued appellants, seeking replevin of the motor home and damages. Appellants filed a counterclaim against the assignee and third-party claims against the seller and Winnebago, asserting various breach of warranty theories. As to each of these theories, appellants alleged that they had provided notice and an opportunity to cure the defects giving rise to the breach of warranty. Appellants’ “Fourth Amended Counter and Third Party Complaint” alleged in pertinent part:
At numerous times since purchase, the buyers gave the seller (on its behalf and on the manufacturer’s behalf) and the manufacturer notices of breach of warranty; and, on various dates, as indicated on the aforesaid exhibits, gave said seller and/or manufacturer written notice of breach of warranty.
Winnebago denied that appellants had notified it of any defects prior to the July 26, 1985, letter revoking acceptance. Winnebago asserted as affirmative defenses that appellants’ remedies for breach of warranty were governed by the limited warranty furnished to appellants at the time of their purchase of the motor home. The limited warranty provided that the buyer should first notify the seller of any defects and then notify Winnebago in the event the seller failed to repair the defects.
During the course of discovery, appellants admitted in their depositions that they had never directly contacted Winnebago prior to providing Winnebago with a copy of the letter of revocation. Without filing supporting affidavits, Winnebago moved for summary judgment, arguing in pertinent part that appellants had provided it no notice and hence no opportunity to cure the defects in the motor home prior to revoking their acceptance. The trial court entered summary judgment for Winnebago.
Appellants moved for rehearing, arguing that Winnebago had not demonstrated the absence of a justiciable issue of fact as to whether the seller was Winnebago’s agent, such that appellant’s notice to the seller prior to revocation constituted notice to Winnebago, precluding summary judgment. The day before the hearing on this motion, Winnebago filed the affidavit of one of its officers alleging that Winnebago had not received notice of any defects prior to the letter revoking acceptance and further alleging ultimate facts tending to show that the seller was not its agent. Appellants conceded at the hearing on their motion for rehearing that they had not directly notified Winnebago of any defects •in the motor home. Appellants argued, however, that they were entitled to an opportunity to file evidence or affidavits in response to Winnebago's affidavit. The trial court denied the motion for rehearing.
A party seeking summary judgment carries the heavy burden of conclusively establishing the absence of any genuine issue of fact as to any of the material allegations in the pleadings. Freeman v. Fleet Supply, Inc., 565 So.2d 870, 871 (Fla. 1st DCA 1990). Where the record is silent as to a material issue of fact, summary judgment is improper. Glass v. Camara, 369 So.2d 625, 627-628 (Fla. 1st DCA 1979).
In the instant case, appellants affirmatively alleged that they gave notice to the seller “on its behalf and on the manufacturer’s behalf.” In order to establish its right to summary judgment, Winnebago, therefore, had the burden of demonstrating *805 the absence of an issue of material fact, not only as to whether appellants had notified it directly but also as to whether there was notice to the seller, as its agent.[2] Winnebago did not dispute that notice was given the seller, and the record was silent on the issue of whether the seller was Winnebago’s agent for the purpose of receiving notice under the contract.[3] The trial court therefore erred in entering summary judgment for Winnebago.
That Winnebago filed, one day prior to the hearing on appellants’ motion for rehearing, an affidavit of one of its officers tending to establish that the seller was not Winnebago’s agent, did not entitle Winnebago to summary judgment. A party seeking summary judgment must file its supporting affidavits at least 20 days prior to the summary judgment hearing. Mack v. Industrial Commercial Park, Inc., 541 So.2d 800 (Fla. 4th DCA 1989). This rule allows the moving party opportunity to respond and to prepare for the hearing.
The summary final judgment is reversed as to the issues discussed herein, and the cause is remanded for proceedings consistent herewith.
JOANOS, C.J., and ALLEN, J., concur.

. This appeal relates only to appellee Winnebago and appellants’ claims for alleged breaches of warranty.

. We reject Winnebago's argument that appellants’ "Fourth Amended Counter and Third Party Complaint" did not allege that the seller was its agent. See Maestrelli v. Arrigoni, Inc., 476 So.2d 756, 757 (Fla. 5th DCA 1985).

. The parties have joined issue on the question of agency. Accordingly, we do not determine whether notice to the seller, even if the seller is determined to be Winnebago's agent, satisfies the terms of the contract.