ALLEN, Judge.
The appellants appeal from a partial summary judgment entered in favor of the appellees on counts II and IV of the appellants’ counterclaim. We determine that genuine issues of material fact precluded the partial summary judgment in this case, and we reverse.
The dispute in this case arose from the sale of the appellees’ business, a corporation, to the appellants. After closing on the sale, the appellants discovered that certain funds and certificates of deposit were no longer held by the corporation. The appellees filed a complaint seeking a declaratory judgment that the assets at issue had been made available to the family-operated business but had never belonged to the corporation. The appellants counterclaimed, alleging essentially in counts II and IV that the funds were part of the sale *28 transaction and had therefore been converted. The appellees filed a motion for partial summary judgment accompanied by the affidavits of the business’s accountant and prior owners and operators. Following a hearing, the court entered partial summary judgment in the appellees’ favor as to counts II and IV of the counterclaim.
A party seeking summary judgment carries the heavy burden of conclusively establishing the absence of any genuine issue of fact as to any of the material allegations in the pleadings. Foote v. Green Tree Acceptance, Inc., 597 So.2d 803, 804 (Fla. 1st DCA1991). In this case, the affiants assert that the disputed funds were not carried on the corporate books through 1987, but do not mention 1988, the year of the sale. Furthermore, the appellees assert in their affidavits that they “had all power and authority to transfer the subject funds from the corporation ” at any time prior to the closing of the sale. We do not find these statements sufficient to meet the allegations in the complaint that certain of the disputed funds were carried on the corporate books at the time of the sale and that the corporation owned, maintained, and paid taxes on the disputed certificate of deposit, which was titled in the corporate name. We thus conclude that the appellees did not meet their burden of proving they were entitled to prevail on counts II and IV as a matter of law.
Accordingly, the partial summary judgment is reversed, and this cause is remanded for further proceedings on counts II and IV of the appellants’ counterclaim.
ZEHMER and WEBSTER, JJ., concur.