**Roselyn KAHN, Jan Kahn, individually and as custodian for Brad Michael Kahn and Brendan Adam Kahn under the Uniform Gifts to Minors Act, Craig Kahn, individually and as custodian for Alex Kahn under the Uniform Gifts to Mi-**

nors Act, Jan Kahn and Craig Kahn as Trustees for and on behalf of Four Seasons Manufacturing Co., Inc., Pension Trust & Jan and Craig's Window Factory, Ltd., by its Trustee Ronald Lipshie, Plaintiffs–Appellants,

v.

**CHASE MANHATTAN BANK, N.A., Thomas J. Greene, Woodmere Securities, Inc., Richard Kahn, Bruce C. Black, Sheppard Messing, Jeffrey P. Berg, Matthias & Berg and Michael R. Matthias, Defendants–Appellees.**

No. 1311, Docket 95–7925.

United States Court of Appeals, Second Circuit.

Argued April 19, 1996.

Decided Aug. 7, 1996.

District of New York (McKenna, J.) denying their motion for leave to amend their complaint to add additional plaintiffs. The district court found that the claims of the additional plaintiffs did not relate back to the date of the filing of the complaint pursuant to Fed.R.Civ.P. 15(c) and therefore that the claims of the additional plaintiffs were time-barred under the applicable statutes of limitations.

For the reasons set forth below, we dismiss the appeal.

## BACKGROUND

On April 27, 1990, plaintiffs-appellants Roselyn Kahn, Jan Kahn, Craig Kahn, Four Seasons Manufacturing Co., Inc. Pension Trust, and Jan and Craig's Window Factory, Ltd. (together, the "Plaintiffs") commenced this action against defendants Bruce C. Black, Thomas J. Greene, Gruntal & Co., Inc. ("Gruntal"), Richard Kahn, Sheppard Messing, Woodmere Securities, Inc. ("Woodmere"), Chase Manhattan Bank, N.A. ("Chase"), Jeffrey P. Berg, Michael R. Matthias, and Matthias & Berg (together, the "Defendants"). In their complaint, the Plaintiffs alleged that the Defendants had engaged in various schemes to defraud them and others. Pleading six separate causes of action, the Plaintiffs alleged: (1) that the Defendants had violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.; (2) that all the Defendants except for Gruntal had violated section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); (3) that all the Defendants except for Gruntal had committed common law fraud; (4) that Black, Messing, Greene, and Chase had committed common law conversion; (5) that Berg, Matthias, and Matthias & Berg had committed legal malpractice; and (6) that Berg, Matthias, Matthias & Berg, Black, and Woodmere had committed common law constructive fraud.

Frederick R. Dettmer, New York City (Karen M. Streisfeld, Law Office of Frederick R. Dettmer, New York City, Neil Friedkin, Lamendola & Friedkin, Great Neck, NY, of counsel), for Plaintiffs–Appellants.

Andrew R. Kosloff, New York City (Kent T. Stauffer, Litigation Division, The Chase Manhattan Bank, N.A., of counsel), for Defendant–Appellee Chase Manhattan Bank, N.A.

Scott K. Nigro, Long Beach, NY, for Defendant–Appellee Richard Kahn.

Kenneth M.H. Hoff, Matthias & Berg, Los Angeles, CA, for Defendants–Appellees Matthias & Berg, Jeffrey P. Berg and Michael R. Matthias.

Before: MINER, McLAUGHLIN and LEVAL, Circuit Judges.

MINER, Circuit Judge:

Plaintiffs appeal from an order of the United States District Court for the Southern

In July of 1990, the Defendants moved to dismiss the complaint. On March 29, 1991, the district court dismissed the Plaintiffs' RICO claims against Gruntal and Chase, dismissed all the claims of Roselyn Kahn

against Berg, Matthias, and Matthias & Berg, and dismissed the section 10(b) claims against Berg, Matthias, Matthias & Berg, and Chase. However, the district court granted the Plaintiffs leave to replead the section 10(b) claims against each of the Defendants. Accordingly, on April 29, 1991, the Plaintiffs filed an amended complaint (the "first amended complaint"), setting forth the same six causes of actions alleged in the original complaint.

In March of 1995, Chase moved for summary judgment on the section 10(b) claim and the state law claims against it. On April 6, 1995, the Plaintiffs moved for leave to amend the first amended complaint, pursuant to Fed.R.Civ.P. 15(a), to add Laurence LoScalzo, Constance LoScalzo, Kenneth Boklan, Dix Hills Equities Group, Inc., and Dix Hills Air (together, the "Additional Plaintiffs") as parties. The proposed second amended complaint alleged that Black and the other Defendants defrauded the Additional Plaintiffs by engaging in schemes that were nearly identical to the schemes that the Defendants used to defraud the Plaintiffs.

These claims of the Additional Plaintiffs, however, were time-barred under the applicable statutes of limitations. Consequently, the Plaintiffs argued that the claims of the Additional Plaintiffs related back to the date of the filing of the original complaint, pursuant to Fed.R.Civ.P. 15(c). The Plaintiffs asserted that the Additional Plaintiffs had not been previously joined in the action due to a mistake by their attorney, Eric Moss. In support of the motion, the Additional Plaintiffs asserted that they had retained Moss to commence an action against the Defendants in 1990, at the same time that the Plaintiffs retained Moss to pursue their claims against the Defendants. The Additional Plaintiffs contended that Moss' failure to name them as plaintiffs in the original complaint was a mistake that was caused by Moss' serious illness and subsequent death in 1993.

On August 17, 1995, the district court granted Chase's motion for summary judgment to the extent of dismissing the 10(b) claim against Chase, and denied Chase's motion to dismiss the state law claims against it. The district court also denied the Plaintiffs'

motion for leave to amend the first amended complaint. The court found that the claims of the Additional Plaintiffs did not relate back to the date of the original complaint under Rule 15(c). Because the claims of the Additional Plaintiffs, without relation-back, were time-barred under the applicable statutes of limitations, the district court concluded that it would be futile to grant the Plaintiffs leave to amend the complaint under Rule 15(a). The Plaintiffs then filed the instant appeal, claiming that the district court erred in determining that the claims of the Additional Plaintiffs did not relate back and therefore that the district court erred in denying its motion to amend the first amended complaint.

## DISCUSSION

Although the appellees have not argued the issue, we must determine whether we have jurisdiction to review the district court's order denying the Plaintiffs' motion for leave to amend their complaint. *See Petereit v. S.B. Thomas, Inc.,* 63 F.3d 1169, 1175 (2d Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1351, 134 L.Ed.2d 520 (1996). This Court's jurisdiction is defined by statute and generally is limited to appeals from final judgments of the district court pursuant to 28 U.S.C. § 1291 and from certain interlocutory orders pursuant to 28 U.S.C. § 1292.

We lack jurisdiction to hear this appeal under § 1291 because the district court's August 17, 1995 order is not a final judgment. Rule 54(b) of the Federal Rules of Civil Procedure sets forth the requirements for the entry of a partial final judgment in multi-claim or multi-party actions. Under Rule 54(b), an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is not a final judgment unless the district court makes "an express determination that there is no just reason for delay and ... an express direction for the entry of judgment." "Strict adherence to the certification requirements of Rule 54(b) has been our consistent view." *In re Martin–Trigona,* 763 F.2d 135, 139 (2d Cir. 1985). The district court's August 17th order did not dispose of all the Plaintiffs' claims against each of the Defendants.

Moreover, the district court did not certify its August 17th order by making an express determination that there was no just reason for delay or by directing entry of judgment pursuant to Rule 54(b).

Because the August 17th order did not dispose of all claims against all parties and because there was no Rule 54(b) certification, the August 17th order remains interlocutory and is not appealable. *See HBE Leasing Corp. v. Frank*, 48 F.3d 623, 632 (2d Cir. 1995) (holding that order that did not resolve all the claims in the action was interlocutory and was not appealable because there was no Rule 54(b) certification); *see also Martin–Trigona*, 763 F.2d at 139 (dismissing appeal for lack of jurisdiction where the defendant appealed from an order disposing of only a portion of the case and the district court had not certified the appeal pursuant to Rule 54(b)); *DeNubilo v. United States*, 343 F.2d 455 (2d Cir.1965) (dismissing appeal for lack of jurisdiction where the plaintiffs appealed from an order denying their motion to amend their complaint and the district court had not certified the appeal pursuant to Rule 54(b)).[1]

■ The portion of the district court's August 17th order denying the Plaintiffs' motion to amend their complaint could not have been certified under Rule 54(b) in any event. To be certified under Rule 54(b), an order must possess the "degree of finality required to meet the appealability requirements of 28 U.S.C. § 1291." *Acha v. Beame*, 570 F.2d 57, 62 (2d Cir.1978). This degree of finality is "defined as a judgment 'which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633,

89 L.Ed. 911 (1945)). In the present case, the Plaintiffs appeal from only the portion of the district court's order denying their motion to amend their complaint. It is well-settled that "[a]n order denying leave to amend a complaint is not a 'final decision' within the meaning of 28 U.S.C. § 1291." *DeNubilo*, 343 F.2d at 456–57. Accordingly, the district court's denial of the Plaintiffs' motion to amend their complaint would not be certifiable pursuant to Rule 54(b).

■ Nor do we have jurisdiction to hear this appeal pursuant to § 1292(b),[2] since the district court did not utilize that provision to certify for immediate appeal its order denying the Plaintiffs' motion to amend the first amended complaint. *See D'Ippolito v. Cities Serv. Co.*, 374 F.2d 643, 648 (2d Cir.1967) (holding that "[n]o appeal lies from the order denying permission to amend [the complaint] in the absence of certification" under § 1292(b) or Rule 54(b)); *DeNubilo*, 343 F.2d at 456–57 (same).

■ Finally, the district court's order is not immediately appealable under the "collateral order" exception to the final judgment rule set forth in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). Under *Cohen*, an interlocutory order is immediately appealable if, *inter alia*, the order would "be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). In the present case, we would not be foreclosed from reviewing the district court's denial of the Plaintiffs' motion to amend their complaint on an appeal from a final judgment. *See Richardson*

---

1. We are not persuaded by the Plaintiffs' reliance on *Lockett v. General Finance Loan Co.*, 623 F.2d 1128 (5th Cir.1980). *Lockett* held that an order denying leave to amend a complaint was final because the plaintiffs' action against a newly sought defendant would otherwise be time-barred. But in that case the district court did certify the appeal under Rule 54(b), *id.* at 1129, which the court below did not. We thus find *Lockett* inapposite, and otherwise decline to follow it.

2. Section 1292(b) provides in part:
   When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order....

*Greenshields Secs., Inc. v. Lau,* 825 F.2d 647, 651 (2d Cir.1987). Accordingly, the collateral order exception does not apply to this case. *See DeNubilo,* 343 F.2d at 456–57 (holding that the collateral order exception does not apply to an order denying a motion to amend a complaint).

## CONCLUSION

In view of the foregoing, we dismiss the appeal for lack of jurisdiction.