NESBITT, Senior Judge.
Building contractor Pórtela Investments, Inc. appeals from a final judgment entered in favor of homeowners Roberto and Maryann Piedra. The Piedras sued Pórtela claiming breach of a limited warranty wherein the builder warranted to the homeowners its liability for defects that arose in the home within one year of closing. Some months after closing, the homeowners did file such a suit and made such a claim. As time passed, more defects appeared and eventually a trial resulted on the homeowners’ third amended complaint. The builder admits its liability for defects arising from poor workmanship, but ar *1015 gues its warranty expressly disavowed liability for damages resulting from settlement and cracking. The builder also maintains that the homeowners failed to prove exactly the nature and extent of the damage at the one year mark.
The trial judge deciding the case adopted the position of the homeowners’ expert. He testified that the homeowners’ damages arose largely from defects resulting from poor workmanship at onset. Consequently, we find no error in that portion of the trial court’s final judgment finding liability for those damages. See Hudson v. Prudential Property & Casualty Insurance Co., 450 So.2d 565, 568 (Fla. 2d DCA 1984); Stonewall Ins. Co. v. Emerald Fisheries, Inc., 388 So.2d 1089 (Fla. 3d DCA 1980). See also Mori v. Matsushita Electric Corp. of America, 380 So.2d 461 (Fla. 3d DCA 1980).
The same expert also testified, however, that tile cracking in at least one room was due to settlement of the structure. Under the express terms of the warranty, no coverage was provided for that particular damage. Consequently, that portion of the judgment awarding damages for that “defect” is vacated. The cause is- remanded to the trial court to either order a remittitur or enter a judgment based upon the record. See Konover v. Hochman 439 So.2d 994, 995 (Fla. 4th DCA 1983).
Affirmed in part, reversed in part, and remanded.