[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10949
Non-Argument Calendar

_____

D. C. Docket No. 8:11-cv-00354-SCB-TBM

DUANE T. BURNS,
KEVIN L. HENAULT,

Plaintiffs - Appellants,

versus

WINNEBAGO INDUSTRIES, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 11, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Duane T. Burns and Kevin L. Henault ("Plaintiffs") appeal the district

court's denial of their amended motion to amend their complaint, as well as the court's subsequent grant of summary judgment to Winnebago Industries, Inc. ("Winnebago"), on Plaintiffs' breach-of-warranty claims.

Plaintiffs purchased a Winnebago RV that subsequently developed serious defects.[1]  Plaintiffs claim that the seller was unable to fully repair the defects.  On May 21, 2010, Plaintiffs brought suit in Florida state court against Winnebago for breach of warranty under the Magnuson-Moss Warranty Act and the Florida Uniform Commercial Code.

Winnebago removed the case to federal court, but it was remanded to state court on August 11, 2010, due to insufficient evidence that the amount in controversy had been met.  The state court set trial for June 2011.

In October or November 2010, Plaintiffs discovered a new defect on their RV: rust and corrosion on the chassis.  However, at that time, Plaintiffs did not seek to amend the complaint to add this additional defect to their breach-of-warranty claim.

On February 10, 2011, Plaintiffs' expert informed them that Winnebago had

---

[1]    Alleged problems included, <u>inter alia</u>, an improperly fitted sewage pipe that emptied human waste into the luggage compartment; persistent propane and sewage odors; and improperly functioning air conditioning units, windshield wipers, batteries, satellite receiver, gas tank, leveling jacks, and engine components.  <u>See</u> dkt. 49-4.

knowledge of another RV with a rusty chassis. Again, Plaintiffs did not seek to amend their complaint at that time.

On February 22, 2011, the case was removed again to federal court, after evidence came to light during discovery showing that the amount in controversy was now satisfied.

On May 6, 2011, Plaintiffs filed their first motion to amend the complaint. They sought to add the rust as an additional defect under the pre-existing breach-of-warranty claim, to add Freightliner (the manufacturer of the chassis) as a new defendant, and to add several new claims alleging deceptive trade practices and misrepresentation. The district court denied the motion because Plaintiffs had unduly delayed in seeking the amendments. Plaintiffs filed a more-detailed motion on May 16, 2011, but the district court still concluded that Plaintiffs had unduly delayed.

The district court then continued with Plaintiffs' original warranty claims. The court concluded that the warranty terms required that Plaintiffs notify Winnebago in writing about the defects and then to contact Winnebago if the dealer did not satisfactorily repair the RV. Plaintiffs conceded that they had not done either of these. Accordingly, the district court granted summary judgment to Winnebago on all of Plaintiffs' claims.

3

## I. MOTION TO AMEND

We review the denial of a motion to amend a complaint for an abuse of discretion. Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co., 470 F.3d 1036, 1040 (11th Cir. 2006). After the time for allowing amendments as a matter of course has passed, amendments are permissible only with the opposing party's written consent or the court's leave, which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may deny such leave where (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile. Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999).

The district court concluded that Plaintiffs had unduly delayed adding (1) the rust problem as an additional defect, (2) Freightliner as a defendant, and (3) claims for deceptive practices and misrepresentation.

The Plaintiffs had possession of the RV for three years before they filed suit, and these amendments were not requested until almost a year after the case began. While the mere passage of time is not enough to deny a motion to amend, see Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla., 148 F.3d 1231,

4

1256-57 (11th Cir. 1998), there is sufficient evidence here of undue delay to support the district court's decision to deny these amendments.

Upon discovering the rust problems, Plaintiffs easily could have amended the complaint to include the rust as an additional defect under their pre-existing breach-of-warranty claim. Plaintiffs had been aware of the rust issue since October or November 2010, when the case was in state court with a trial set for June 2011. However, they did not seek to amend their complaint until almost seven months later, after the case had been removed again to federal court.

By the time Plaintiffs allege that they had uncovered evidence that Winnebago knew of another rusty chassis, the state court trial date was less than four months away. But Plaintiffs still failed to amend their complaint. Instead, they waited two more months before beginning any further research on this issue, then waited another month before actually seeking to amend the complaint.

By the time Plaintiffs filed their motion to amend, discovery between the parties had begun more than six months earlier (while in state court), Plaintiffs' depositions had already been taken, and the case had been pending long enough that it had twice been removed to federal court.

Considering all of these facts, we do not find an abuse of discretion in the district court's decision to deny Plaintiffs' motion to amend or their amended

5

motion to amend.[2]  See Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 761 (11th

Cir. 1995) ("Fed.R.Civ.P. 15(a) provides the district court with extensive

discretion to decide whether to grant leave to amend after the time for amendment

as a matter of course has passed.").

## II. BREACH OF WARRANTY

Under the limited warranty, Plaintiffs were required to give notice of defects

both to the seller and to Winnebago itself.[3]  There is no dispute that Plaintiffs

---

[2]    As the district court noted, Plaintiffs could still seek to file a separate case regarding the rust/corrosion problems because these "new claims are unrelated to the existing breach of warranty claim." [Dkt. 37 at 5].  See Lockett v. Gen. Fin. Loan Co. of Downtown, 623 F.2d 1128, 1131 (5th Cir. 1980) (noting that court should consider prejudice to movant when deciding whether to allow a motion to amend).

[3]    The warranty contains a section titled "OBTAINING WARRANTY REPAIRS" that listed these steps:

1. Promptly take the vehicle to the selling dealer for repair or inspection.

2. Written notice of defects must be given to the selling dealer and manufacturer.

3. If the dealer is incapable of making the repairs, request that he contact Winnebago Industries, Inc.

4. If, after the above steps are completed and the repair is not made, the customer should contact Winnebago Industries, Inc. . . . and furnish [information about the vehicle and the problems].  The customer may be directed to another dealer or service center for repairs to be completed, if such a dealer or service center is better able to complete the repair.  Winnebago Industries may, at its option, request the vehicle be returned to Forest City, Iowa for repair. . . .

5. If after the above steps are completed and the repairs are not satisfactory, the customer may contact the Service Administration Manager of Winnebago Industries, and request a customer relations board meeting to resolve the problem. This action, however, is not mandatory.

6

failed to give written notice to Winnebago, nor that they failed to contact Winnebago when the dealer was unable to satisfactorily make the repairs.

With respect to warranties, the Florida UCC states that "[t]he buyer must within a reasonable time after he or she discovers or should have discovered any breach notify the <u>seller</u> of breach or be barred from any remedy."  Fla. Stat. § 672.607(3)(a) (emphasis added).  Plaintiffs contend that this statute should be interpreted as saying that they needed to give notice <u>only</u> to the seller (i.e., the dealer), even though the warranty required that they also give notice to the manufacturer (i.e., Winnebago).

We disagree with this contention.[4]  The statute merely lists one act of notice

---

Doc. 49-3 at 15 (emphases added).

The warranty also stated that any action for breach of the limited or structural warranty or any implied warranty must be commenced within one year of the expiration of the warranty.  <u>Id.</u>  Here, the warranty expired in May 2008, but the suit was not initiated until May 2010.  However, Winnebago never raised this issue, and so we do not address it.

[4]    Where the seller is not the warrantor, there has apparently been some confusion over whether the use of the word "seller" in § 672.607(3)(a) was actually meant to refer to the warrantor.  <u>Compare</u> <u>Fed. Ins. Co. v. Lazzara Yachts of N. Am, Inc.</u>, 2010 WL 1223126 (M.D. Fla. Mar. 25, 2010) (construing "seller" not to mean the "warrantor"), <u>with</u> <u>Gen. Matters, Inc. v. Paramount Canning Co.</u>, 382 So. 2d 1262, 1264 (Fla. Dist. Ct. App. 1980) (appearing to construe "seller" as including an up-the-chain distributor who was the warrantor).  However, we need not settle this issue because we reach the same conclusion either way.  If § 672.607(3)(a) requires that notice be given to the warrantor, it is undisputed that Plaintiffs here did not do so; and if § 672.607(3)(a) requires that notice be given to the seller, the terms of the warranty here required that notice <u>also</u> be given to the warrantor (i.e., Winnebago), which Plaintiffs did not do.

We also agree with the district court that <u>Lazzara Yachts</u> is distinguishable because there

7

that a buyer must give, and it does not speak to whether additional notice may be required by the express terms of the warranty itself.  As Plaintiffs acknowledge, there seem to be no binding cases indicating that a warranty cannot impose a requirement to notify the warrantor.  Indeed, Florida courts generally treat warranties like contracts, where the terms of the warranty dictate the parties' respective rights and obligations.  See, e.g., Detroit Diesel Corp. v. Atl. Mut. Ins. Co., 18 So. 3d 618, 620 (Fla. Dist. Ct. App. 2009); Ocana v. Ford Motor Co., 992 So. 2d 319, 323-25 (Fla. Dist. Ct. App. 2008); Portela Invs., Inc. v. Piedra, 789 So. 2d 1014, 1015 (Fla. Dist. Ct. App. 2000).

A primary purpose of requiring that Plaintiffs notify Winnebago is so that Winnebago would have a chance to remedy the defects itself.  See Gen. Matters, Inc. v. Paramount Canning Co., 382 So. 2d 1262, 1264 (Fla. Dist. Ct. App. 1980) (stating that notice provisions enable sellers or manufacturers "to make adjustments or replacements or to suggest opportunities for cure to the end of minimizing the buyer's loss" and thereby reducing liability to the buyer).  The warranty states that Winnebago might choose to send the RV to a different seller for repairs to be performed, or Winnebago might request that the RV be sent to the

---

is no evidence showing that the terms of the warranty in Lazzara required the buyer to give notice to the manufacturer.

company's plant in Iowa for repairs.  If we did not enforce the warranty's requirement that Plaintiffs notify the manufacturer of their RV's defects, then Winnebago would not be receiving the benefit of its bargain under the warranty. See Am. Universal Ins. Grp. v. Gen. Motors Corp., 578 So. 2d 451, 455 (Fla. Dist. Ct. App. 1991) ("[R]elegating parties to contract [their own] remedies . . . allows parties to freely contract and allocate the risks of a defective product as they wish. A buyer may bargain for a warranty or opt to forego the warranty in order to pay a lower purchase price . . . ."); Fla. Stat. § 672.313(1)(a) ("Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.").  Winnebago never had a chance to remedy these defects itself, an opportunity that it had contracted for.

Also lending some support to our conclusion is the factually similar 1991 Florida Court of Appeal case of Foote v. Green Tree Acceptance, Inc., 597 So. 2d 803 (Fla. Dist. Ct. App. 1991).  In Foote, the plaintiffs sued Winnebago for breach of warranty.  Like the warranty here, the warranty in Foote required that the purchasers notify Winnebago of any defects—which they conceded they had failed to do.  Admittedly, Foote did not directly address whether it was acceptable under Florida law for a warranty to require that the purchaser also notify the

9

manufacturer. However, the opinion remanded the case to trial court for a determination of whether there was an agency relationship between the seller and manufacturer, such that notice to the seller would qualify as notice to the manufacturer—and thus satisfy the requirements of the warranty. Id. at 804-05.[5] It seems that an implicit assumption in Foote is that Winnebago was permitted in the first place to add this additional notice requirement to the warranty.

In sum, we agree with the district court that Plaintiffs' Florida-UCC claims fail because Plaintiffs did not notify Winnebago of the defects, as required by the terms of the warranty.[6]

The district court gave two reasons why Plaintiffs' claims under the Magnuson-Moss Warranty Act ("MMWA") also failed: (1) a claim under the MMWA is dependent upon having a viable state warranty claim, which did not exist here due to Plaintiffs' failure to give proper notice to Winnebago; and (2) a party cannot bring a claim under the MMWA for failure to comply with a written warranty unless the party gave the warrantor a reasonable opportunity to cure the

---

[5] Here, the district court concluded that there was no evidence that the seller was Winnebago's agent. Dkt. 66 at 7 n.5. Plaintiffs have not appealed that decision, and therefore we need not decide whether Plaintiffs' notice to the seller equated to giving notice to Winnebago.

[6] This does not mean that warrantors have carte blanche to impose any notice requirements they choose. The federal Magnuson-Moss Warranty Act imposes limitations on unreasonable duties imposed by a warranty, but the Act specifically allows warrantors to require that they be given notice of the defect. See 15 U.S.C. § 2304(b)(1).

failure, which did not occur here.  On appeal, Plaintiffs have not challenged those

conclusions, and accordingly we affirm them.

AFFIRMED.