# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-11202
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2023

Lyle W. Cayce
Clerk

Patricio Estrada,

*Plaintiff—Appellant*,

*versus*

Director, *Texas Department of Criminal Justice-Correctional Institutions Division, Individually and in Official Capacities*; Mr. Castillo, *Warden of the Daniels Unit, Individually and in Official Capacities*; Ms. Carpenter, *Daniels Unit Psychologist, Individually and in Official Capacities*; Ms. Cogburn, *Daniels Unit Medical Coordinator, Individually and in Official Capacities*; Mr. Thompson, *Daniels Unit Sergeant, Individually and in Official Capacities*; Mr. Perez, *Daniels Unit Sergeant, Individually and in Official Capacities*; Mr. Tapscott, *Daniels Unit Sergeant, Individually and in Official Capacities*; Ms. Calloway, *Daniels Unit Sergeant, Individually and in Official Capacities*,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CV-30

————————————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges*.

No. 22-11202

Per Curiam:[*]

Patricio Estrada, Texas inmate # 2089041, sued various employees of the Texas Department of Criminal Justice under 42 U.S.C. § 1983, alleging that the defendants violated his rights under the First, Fourth, Eighth, and Fourteenth Amendments as well as the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA), either directly or in a supervisory capacity, by denying him medical care and reasonable accommodations in light of his physical disabilities, failing to protect him, exposing him to cold and unsanitary conditions, retaliating against him, and placing him in disciplinary segregation. The district court permitted Estrada's ADA and RA claims and his Eighth Amendment claims of failure to provide housing accommodations to proceed but dismissed the rest of his claims for failure to state a claim and entered final judgment thereon. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 54(b). The court also denied Estrada's request to add the Texas Tech Medical Department as a defendant. Estrada now appeals the adverse rulings.

Estrada fails to show error under the applicable *de novo* standard of review. *See Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). As explained in detail by the district court and magistrate judge, Estrada's various district court pleadings contain insufficient factual matter, accepted as true, to state a plausible claim for relief on any appealed ground or to draw the reasonable inference that the defendants are liable, either directly or as a supervisor, for any alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Estrada further fails to show that the district court abused its discretion by denying his request to add Texas Tech as a defendant. *See Lockett v. Gen.*

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11202

*Fin. Loan Co. of Downtown*, 623 F.2d 1128, 1132 (5th Cir. 1980). Accordingly, the judgment is AFFIRMED.