K.R., as natural Mother of, and
on Behalf of, M.R., A
Minor, Plaintiff,

v.

BOARD OF EDUCATION OF The
BRENTWOOD UNION FREE
SCHOOL DISTRICT, Defendant.

No. CV 97–5060(drh).

United States District Court,
E.D. New York.

Sept. 2, 1999.

Michael E. Deffet, Leon & Deffet, Hauppauge, NY, Herbert J. Baur, Jr., Mount Sinai, NY, for plaintiff.

Brenard R. Callan, Bay Shore, NY, for defendant.

## ORDER

HURLEY, District Judge.

Pending before the Court is the August 16, 1999 Report and Recommendation (the "Report") of Magistrate Judge Viktor V. Pohorelsky, issued by Judge Pohorelsky in connection with Plaintiff's motion for judgment on the pleadings.

There having been no objections to the Report filed with this Court, and this Court having determined that no clear error appears on the face of the record, *see Perez–Rubio v. Wyckoff,* 718 F.Supp. 217, 227 (S.D.N.Y.1989); Fed.R.Civ.P. 72 advisory committee's note to subdivision (b), it is hereby

**ORDERED** that the Report is adopted in its entirety as the Order of this Court; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings is **GRANTED** to the extent that Defendant is liable for attorney's fees incurred by Plaintiff in connection with the May 1996 and December 1996 petitions filed with the State Education Department; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings is **DENIED** with respect to attorney's fees incurred by Plaintiff in connection with the impartial hearing and subsequent August 6, 1996 settlement conference; and it is further

**ORDERED** that the determination of the amount of attorney's fees to which Plaintiff is entitled will be made following the determination of whether Defendant is liable for attorney's fees incurred by Plaintiff in connection with the impartial hearing and settlement conference; and it is further

**ORDERED** that the determination of Plaintiff's entitlement to attorney's fees incurred in connection with the instant action will be made at the conclusion of this action; and it is further

**ORDERED** that Plaintiff's motion for sanctions is **DENIED.**

**SO ORDERED.**

## REPORT AND RECOMMENDATION

POHORELSKY, United States Magistrate Judge.

The plaintiff moves for judgment on the pleadings in this action for attorney's fees brought under section 1415(i)(3)(B) [1] of the Individuals with Disabilities Education Act ("IDEA"). This motion has been referred to the undersigned magistrate judge pursuant to Title 28, Section 636(b)(1) of the United States Code for a report and recommendation. For the reasons that follow, the undersigned magistrate judge REPORTS and RECOMMENDS that the

---

1. The plaintiff brought this suit pursuant to 20 U.S.C. § 1415(e)(B)(4) which now appears "in substantially the same form" at 20 U.S.C. § 1415(i)(3)(B). *G.M. v. New Britain Bd. of Educ.,* 173 F.3d 77, 79 (2d Cir.1999).

motion be GRANTED in part and DE-NIED in part.

## I.

When assessing a motion for judgment on the pleadings pursuant to Rule 12(c), the court must apply the same standards as on a motion to dismiss pursuant to Rule 12(b)(6). *See, e.g., Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.), *cert. denied,* 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). Accordingly, the court "must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party." *Davidson v. Flynn,* 32 F.3d 27, 29 (2d Cir.1994). The court must limit itself to the undisputed facts in the pleadings, "documents attached to the [pleadings] as exhibits, and documents incorporated by reference in the [pleadings]." *Hayden · v. County of Nassau,* 180 F.3d 42, 54 (2d Cir.1999) (citing *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir.1991)). "A Rule 12(c) motion will not be granted 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *Rivera v. Schweiker,* 717 F.2d 719, 722 n. 1 (2d Cir.1983) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1367 (1969)). With these principles in mind, we turn to the plaintiff's motion for judgment on the pleadings.

## II.

The court garners the following undisputed facts from the pleadings, the May 24, 1996 and January 21, 1997 stay orders attached to the complaint as exhibits A and B, and the invoice from Stern, Brauer & Associates, P.C. attached to the complaint as exhibit C, as well as the May 30, 1997 final decision from the State Education Department ("SED"),[2] incorporated by reference into the complaint. Compl.

¶ 31. The plaintiff K.R. is the natural mother of M.R. who, at all times pertinent to this matter, was a minor child residing with his parents within the Brentwood Union Free School District. Under federal and state laws and regulations, the defendant Board of Education for the Brentwood Union Free School District ("School District") is required to provide free and appropriate special education services to students who are classified as disabled. The defendant's Committee on Special Education ("CSE") is responsible for evaluating students with disabilities and for recommending and developing an Individual Education Plan ("IEP") for each of those students.

The CSE classified M.R. as emotionally disturbed and developed an IEP for him which included a 12:1:1 in-district class with no related services. Thereafter, on or about January 2, 1996, the CSE recommended a change in M.R.'s IEP to a 6:1:1 out-of-district class operated by the Board of Cooperative Educational Services ("BOCES"), with home tutoring and no related services. K.R. did not consent to this change and expressed her disagreement orally and in writing to the CSE. On January 3, 1996, M.R. returned to the Brentwood school he had attended prior to the winter holiday break but was refused entry and ordered to leave school grounds. Although not completely clear, it appears that at this point M.R. began home tutoring instead of attending the BOCES classes.

On or about February 27, 1996, after attempting to resolve the issue of her son's placement through meetings with the CSE, K.R. requested an impartial hearing to contest the CSE's IEP recommendation. Thereafter, on May 8, 1996, K.R. met with and retained counsel and on May 14, 1996, counsel filed a petition with the SED on behalf of K.R. seeking to have M.R. reinstated in accordance with his

---

**2.** The May 30, 1997 decision can be found as the second of two attachments to the plain-

tiff's motion.

IEP as it existed prior to the January 2, 1996 recommendation (the "pre–1996 IEP"). On May 24, 1996, the New York Commissioner of Education issued a stay order directing the defendant to allow M.R. to return to school in accordance with the pre–1996 IEP until the petition was finally decided.

On May 28, 1996, an impartial hearing convened where K.R. "intended to demonstrate that the IEP recommended by the defendant's CSE was inappropriate." Compl. ¶ 23. The defendant, however, requested that the plaintiff agree to an adjournment, apparently to give the parties an opportunity to explore settlement. See Compl. ¶¶ 24–25. On August 6, 1996, a conference was held at a School District office for the purpose of settling the impartial hearing and the petition to the SED. Counsel for both parties attended the conference. Although the School District disputes that the May 14, 1996 petition was settled at the conference, it does not deny that the conference resulted in a settlement that obviated the need for the impartial hearing repeatedly requested by the plaintiff. See Compl. ¶ 26; Ans. ¶ 5.

The pleadings do not include a writing memorializing the terms of the settlement. According to the plaintiff, the settlement conference resulted an agreement that (1) M.R. would remain in the 12:1:1 in-district class and receive individual counseling three times per week as requested by the plaintiff; (2) an individualized behavior modification plan for M.R. would be drafted and implemented; (3) M.R. would be further evaluated at School District expense; and (4) any changes in M.R.'s IEP would be based on that evaluation and/or future evaluations. Compl. ¶ 27. The defendant denies that an agreement on that these terms was reached at the settlement conference. Ans. ¶ 6. It is undisputed, however, that M .R. was permitted to return to the Brentwood school in September 1996 with the understanding that he would remain in his 12:1:1 placement.

On December 2, 1996, K.R. filed a second petition to the SED raising matters similar to those raised in the May 1996 petition. Although the defendant disputes that M.R. was again unlawfully removed from school, it admits that on January 21, 1997 the SED issued a second stay order, again directing the defendant to permit M.R. to attend the in-district 12:1:1 classes pending resolution of this, the second, petition.

On May 30, 1997, the SED issued its final decision addressing the claims made in both the first and second petitions. The plaintiff, contending that the decision was entirely favorable to her, requested reimbursement by the defendant of the attorney's fees she incurred in obtaining the two stay-put petitions and in preparing for the impartial hearing. On August 27, 1997, after no payment was made, the plaintiff initiated this action seeking reimbursement of $12,320 in attorney's fees incurred in connection with her prosecution of the petitions and impartial hearing and $1,800 in attorney's fees incurred in connection pursuing the instant matter, both pursuant to section 1415(i)(3)(B). The plaintiff now moves for judgment on the pleadings pursuant to Rule 12(c). In addition, the plaintiff seeks sanctions. The defendant argues that (1) the plaintiff is not a prevailing party within the meaning of the IDEA; (2) the plaintiff has unreasonably protracted these proceedings; and (3) the amount of counsel fees requested is unreasonable.

### III.

#### A. *The IDEA*

The purpose of the IDEA is "to assure that all children with disabilities have available to them ... a free appropriate public education which emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(c) (Supp.1999). To give effect to this purpose, Congress has enacted various procedural safeguards to prevent a state or local educational agency from unilater-

ally changing a child's IEP. *See generally* 20 U.S.C. § 1415. For example, where a child's parents disagree with an educational agency's recommendation for the child's IEP, they are entitled to an impartial due process hearing conducted by an impartial hearing officer of a local or state educational agency. 20 U.S.C. § 1415(b)(2). Moreover, during the pendency of these proceedings,

> unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child ... until all such proceedings have been completed.

20 U.S.C. § 1415(e)(3). This IDEA requirement is known as the "stay-put" provision. *See, e.g., G.R. v. Regional Sch. Dist. #15*, No. 3:95CV2173, 1996 WL 762324, at *3 (D.Conn. Dec.26, 1996).

Finally, and at issue here, the IDEA provides that:

> In any action or proceeding brought under [the IDEA], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

20 U.S.C. § 1415(i)(3)(B) (Supp.1999).

### B. *Prevailing Party*

The defendant argues that the plaintiff is not a prevailing party within the meaning of the IDEA because the plaintiff obtained only interim relief in enforcing the stay-put provision and because attorneys' fees are to be awarded only in connection with the conduct of an impartial hearing. According to the defendant, the main issue, the proper IEP for M.R., remains unresolved because an impartial hearing has not been held, thus precluding the award of attorneys' fees to the plaintiff.

■ The standard for determining whether a plaintiff is a prevailing party is a "generous" one. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A plaintiff is consid-

ered a prevailing party "for attorney's fees purposes if he succeeds on any significant issue in litigation which achieves some of the benefit the plaintiff sought in bringing suit." *Counsel v. Dow*, 849 F.2d 731, 739 (2d Cir.1988) (citing *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933); *see Farrar v. Hobby*, 506 U.S. 103, 109, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *Christopher P. v. Marcus*, 915 F.2d 794, 805–05 (2d Cir. 1990), *cert. denied*, 498 U.S. 1123, 111 S.Ct. 1081, 112 L.Ed.2d 1186 (1991). "The most critical factor is the degree of success obtained." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).

■ The Second Circuit compares the "relief sought by the plaintiff with the relief obtained as a result of the suit" to determine whether a plaintiff is a prevailing party under the IDEA. *G.M.*, 173 F.3d at 81; *see Christopher P.*, 915 F.2d at 804. Generally, "[i]f the guardian of a child with a disability successfully enforces his or her rights under the IDEA in an administrative action, the statute authorizes courts to award reasonable attorney fees to the guardian." *G.M.*, 173 F.3d at 80–81.

■ An impartial hearing conducted pursuant to the IDEA is an "administrative action" for which the award of attorneys' fees is proper, *G.M.*, 173 F.3d at 80–81; *see Shanahan v. Board of Educ.*, 953 F.Supp. 440, 444 (N.D.N.Y.1997) (citing cases), and prevailing parties are entitled to an award of attorneys' fees for services rendered in connection with the settlement of impartial hearings. *Id.; see Hannigan v. Board of Educ. of the Brunswick Cent. Sch. Dist.*, No. 95–Civ. 1435, 1997 WL 10971, at *3 (N.D.N.Y. Jan.9, 1997); *Anderson v. Board of Educ. of the Syracuse City Sch. Dist.*, No. 88–Civ. 122, 1989 WL 8664, at *1 (N.D.N.Y.1989); *see also Gerena–Valentin v. Koch*, 739 F.2d 755, 758–59 (2d Cir.1984). The "causal connection" between the proceeding and the settlement is "particularly relevant in assessing whether a plaintiff has 'prevailed' in a

case resolved by settlement." *G.M.*, 173 F.3d at 81 (citing *Wheeler v. Towanda Area Sch. Dist.*, 950 F.2d 128, 131 (3d Cir.1991) with approval). Where the litigation or administrative proceeding is a "material contributing factor in bringing about the events that resulted in obtaining the desired relief," the proceeding is causally related to the relief obtained. *G.M.*, 173 F.3d at 81; *Wheeler*, 950 F.2d at 132; *see also Koster v. Perales*, 903 F.2d 131, 135 (2d Cir.1990).

 Moreover, even where only interim relief is obtained, a plaintiff will be considered a prevailing party and thus entitled to the award of attorneys' fees where the relief is the result of an assessment of the merits of the claim. *See Haley v. Pataki*, 106 F.3d 478, 483 (2d Cir.1997) (no automatic denial of attorneys' fees merely because only interim relief is obtained); *LaRouche v. Kezer*, 20 F.3d 68, 71 (2d Cir.1994). "Fees are not warranted, however, if the court has not based its decision to award interim relief on the merits." *Haley*, 106 F.3d at 483 (citing *Christopher P.*, 915 F.2d at 804–05). Thus, mere preservation of the status quo to avoid immediate, irreparable injury, such as by grant of a TRO, will not support an award of the attorneys' fees. *Haley*, 106 F.3d at 483. *But see M.C. ex rel. C.M. v. Board of Educ. of the Whitesboro Cent. Sch. Dist.*, No. 97–Civ. 1533, 1998 WL 951675, at *2 (N.D.N.Y. Sept. 1, 1998) ("A plaintiff may meet the prevailing party standard by merely preserving the status quo, if such was their intent and the result of the proceeding maintains that favorable position"). Although enforcement of the IDEA's stay-put provision ordinarily amounts to no more than preservation of the status quo, where the petition also seeks a "substantive determination of which educational placement should be applied under the stay-put provision," the petitioner has requested relief on the merits. *See J.C. v. Mendham Township Bd. of Educ.*, 29 F.Supp. 2d 214, 222 (D.N.J. 1998).

## C. *The Plaintiff's Fee Application*

The plaintiff seeks in this action to recover the attorneys' fees she has incurred in connection with the following administrative and judicial proceedings that have been, and are being, conducted under the IDEA: (i) the two petitions submitted to the SED for stay-put orders, (ii) the impartial hearing convened on May 28, 1996 and the resulting settlement conference held on August 6, 1996 to address the revised IEP recommended by the defendant's CSE, and (iii) the instant lawsuit. Each of these proceedings is addressed in turn.

### 1) *The Petitions*

 A comparison of the relief sought and the relief obtained by K.R. in her petitions for stay-put orders results in the inescapable conclusion that she is a prevailing party within the meaning of the IDEA. With her May 1996 petition to the SED, K.R. sought and obtained a determination of M.R.'s proper pendency placement under the IDEA's stay-put provision. She also sought and obtained enforcement of her rights under the stay-put provision. See May 24, 1996 Stay Order; May 30, 1997 Final Decision, at 3. The SED's decision that the 12:1:1 placement, and not the 6:1:1 placement, was the appropriate pendency placement for M.R. was a "substantive determination" based on assessment of the merits of the K.R.'s claim that her rights under the IDEA had been violated. *J.C.*, 29 F.Supp. 2d at 222; *see Haley*, 106 F.3d at 483. Because the plaintiff "successfully enforce[d] ... her rights under the IDEA, the statute authorizes [the court] to award reasonable attorney fees." *G.M.*, 173 F.3d at 80. Accordingly, the undersigned reports and recommends that the plaintiff's motion for judgment on the pleadings be granted with respect to May 1996 petition and that attorneys' fees incurred in connection with that petition be awarded to the plaintiff.

Similarly, a comparison of the relief sought and the relief obtained with K.R.'s December 1996 petition also justifies the award of attorneys' fees to K.R. As with her first petition, K.R. sought by her second petition to enforce the IDEA's stay-put provision. A review of the final decision addressing both the first and second petitions makes clear that the question of who would pay for M.R.'s future psychiatric evaluations remained pending at the time of the second petition even though K.R. requested a decision on the issue with her first petition. See May 30, 1997 Final Decision, at 2, 4. With its final decision, however, the SED specifically addressed the "CSE's recommendation that the [plaintiff] obtain a psychiatric evaluation at her own expense [and] admonished and directed [the defendant] to cease this practice with regard to [M.R.] and all other students." *Id.* at 4. The SED's decision was the result of an assessment of the merits of the plaintiff's contention that, under the IDEA, she was not required to pay for M.R.'s psychiatric evaluations. K.R. has prevailed in her efforts to enforce her rights under the IDEA. *See G.M.,* 173 F.3d at 80–81. Accordingly, the undersigned reports and recommends that K.R. also be awarded the attorneys' fees she incurred in connection with her December 1996 petition.

Although the court recommends that the plaintiff's motion be granted in part with respect to the defendant's liability for the plaintiff's attorneys fees on her two petitions, a determination of the amount of the attorneys' fees should await further proceedings. As set forth below, the court is constrained to recommend that the plaintiff's motion be denied, in part, as to fees

incurred in connection with the impartial hearing and settlement conference, and further proceedings in this action may be required to determine whether the plaintiff is entitled to her attorneys' fees for those proceedings. The invoice for professional services rendered by Stern, Brauer & Associates, P.C., however, reflects the services provided in connection with all of those matters, and work done on the petitions necessarily overlaps in part with work that was done for the impartial hearing and settlement conference. Thus, for the court to specify an amount now would require the court to conduct further proceedings to make factual determinations segregating the work done on the petitions from the other work done on those other matters. That effort to segregate the fees will be rendered totally unnecessary if attorneys' fees are ultimately awarded in connection with the impartial hearing and settlement conference. Accordingly, the court recommends that a specification of the amount of attorneys' fees to be paid by the defendant await a final determination of the defendant's liability with respect to the impartial hearing and settlement conference.[3]

2) *The Impartial Hearing and Settlement Conference*

■■■ Because the court is limited to the pleadings, exhibits attached to the pleadings, and documents incorporated by reference into the pleadings, the undersigned is constrained to find that the plaintiff has not shown that she is a prevailing party with respect to the impartial hearing and settlement conference. *See Hayden,* 180 F.3d 42, 54. It is undisputed that the August 6, 1996 settlement conference set-

3. Because the court recommends a postponement of the determination of the amount of fees sought, it has no need to address the argument that the amount of fees is unreasonable. The court notes, however, that the amount of fees sought is entirely consistent with amounts awarded by other courts in similar cases. *See, e.g., Shanahan v. Board of Educ. of Jamesville–Dewitt Sch. Dist.,* 953 F.Supp. 440, 446 (N.D.N.Y.1997) ($8,131.50

for pre-hearing settlement negotiations); *G.R. v. Regional Sch. Dist.,* No. 3:95CV2173, 1996 WL 762324, *6 (D.Conn. Dec.16, 1996) ($15,-513.75 for hearing preparation and meetings); *M.C. v. Board of Educ. of the Whitesboro Cent. Sch. Dist.,* No. 97–CV–1533, 1998 WL 951675, *4 (N.D.N.Y. Sept. 1, 1998) ($23,-691.00 for representation in administrative hearings, for administrative appeal, and prosecuting civil action).

tled the impartial hearing and, therefore, the requirement that the impartial hearing be a "material contributing factor" in scheduling the settlement conference is satisfied. *G.M.*, 173 F.3d at 81. The court is unable, however, to ascertain what relief the plaintiff sought at the impartial hearing. Other than the allegation that K.R. "intended to demonstrate that the IEP recommended by the defendant's CSE was inappropriate," Compl. ¶ 23, the plaintiff has offered no evidence of the relief sought. Moreover, the court is unable to determine what relief, if any, the plaintiff obtained at the settlement conference. The parties have not provided a writing memorializing the terms of the settlement agreement. And, while the plaintiff does allege that she prevailed on virtually all of the relief she requested, the defendant denies that she did so. See Compl. ¶ 27; Ans. ¶¶ 5–6. To be sure, M.R. was permitted to return to the 12:1:1 placement in the fall of 1996; it is unclear to the court, however, whether this occurred as a result of the settlement conference or of the May 24, 1996 stay-put order. Compl. ¶ 28. The complaint itself creates this lack of clarity by alleging,

> As a result of Plaintiff's filing of the above-referenced Petition *and* request for the above-reference impartial hearing, *and* as a result of the Stay Order issued by the State Education Department, *and* as a result of the settlement of these proceedings at the August 6, 1996 conference, M.R. was allowed to return to school in September of 1996 with the understanding that he would remain in his 12:1:1 placement ...

Compl. ¶ 28 (emphasis added). The defendant admits that there was an "understanding that [M.R.] would remain in his 12:1:1 placement" but denies the balance of the allegation.

Thus, on the record before it, the court cannot compare the relief sought with the relief obtained and, therefore, cannot say with any certainty that the plaintiff prevailed at the settlement conference. Ac-cordingly, the undersigned reports and recommends that the plaintiff's motion for judgment on the pleadings be denied with respect to an award of attorneys' fees incurred in connection with the preparation for the impartial hearing and the settlement conference.

### 3) *The Instant Action*

■ The plaintiff also seeks attorneys' fees in the amount of $1,800 incurred in pursuing this action. If the district court adopts the recommendation issued herein, it is likely that the plaintiff would be a prevailing party in this action because she will have prevailed on at least two of her three claims. *Counsel*, 849 F.2d at 739 (plaintiff considered a prevailing party if she "succeeds on any significant issue in litigation which achieves some of the benefit the plaintiff sought in bringing suit"). Because the undersigned recommends that the motion for judgment on the pleadings be denied in part, however, further proceedings in this action will be necessary. Accordingly, the undersigned recommends that consideration of the extent to which attorneys' fees should be awarded in connection with the instant action should be deferred until the action is fully determined.

### D. *The Defendant's Unreasonable Delay Argument*

■ The defendant also argues that the plaintiff unreasonably protracted these proceedings causing the central issue, that of the appropriate IEP for M.R., to remain unresolved and thus triggering an exception to the award of attorneys' fees under the IDEA. The IDEA provides that:

> Whenever the court finds that (i) the parent, during the course of the action, or proceeding, unreasonably protracted the final resolution of the controversy ... the court shall reduce, accordingly, the amount of attorneys' fees awarded under this section.

20 U.S.C. § 1415(i)(3)(F) (Supp.1999).

Fatal to the defendant's argument, however, is that there is no allegation or evi-

dence that the plaintiff caused any delay *before* the May 30, 1997 final decision was issued by the SED. Moreover, the defendant does not deny that the events leading up to that final decision occurred in the chronological order alleged in the complaint. Soon after the School District refused M.R. admittance to the Brentwood school in January 1996, K.R. began meeting with the CSE in an attempt to resolve the issue. When these meetings did not produce the plaintiff's desired result she met with and retained counsel on May 8, 1996 and, on May 14, 1996, filed her first petition with the SED. See Compl., Ex. C. A stay-put order promptly issued and an impartial hearing was scheduled for May 28, 1996. As noted, it was the defendant who admittedly requested an adjournment of the hearing. Although the parties dispute what occurred at the August 6, 1996 settlement conference, the defendant admits that the impartial hearing was settled at the conference. In addition, as discussed, M.R. was permitted to return to the 12:1:1 placement in the Brentwood school in the fall of 1996. When M.R. was once again unilaterally removed from the 12:1:1 placement, the plaintiff again promptly petitioned for a stay-put order which she received on January 21, 1997. The parties then awaited the final decision of the SED, which was issued on May 30, 1997, and that decision was the "final resolution" of the consolidated petitions. 20 U.S.C. § 1415(i)(3)(F).

The defendant does not, and cannot, point to any time during the entire period above during which the plaintiff protracted any proceedings. The plaintiff does not seek attorneys' fees for any events beyond the May 30, 1997 issue date of the final decision; indeed, the last entry on the invoice for attorneys' fees is dated January 28, 1997. Accordingly, because plaintiff does not seek attorneys' fees for events occurring after the January 21, 1997 stay-put order issued, the undersigned reports and recommends that there is no basis for the court to exercise its discretion to reduce any award of attorneys' fees for plaintiff's alleged unreasonable protraction of these proceedings.

### E. Sanctions

■ The plaintiff also seeks sanctions against the defendant on the grounds that the defendant's second and third defenses "Contradict Defendant's Own Admissions, Refer to Irrelevant Facts, [and] are Frivolous." Pl's. Memorandum, at 8. The plaintiff offers no legal authority to support its motion. If the plaintiff intends to invoke Rule 11 of the Federal Rules of Civil Procedure, her motion is procedurally defective because Rule 11 requires, inter alia, that "[a] motion for sanctions under this rule shall be made separately from other motions or requests." Fed.R.Civ.Proc. 11(c)(1)(A); *Lapidus v. Vann*, 112 F.3d 91, 94 (2d Cir.1997). Because the plaintiff has improperly moved for sanctions by including it with her motion for judgment on the pleadings, the undersigned reports and recommends that the plaintiff's motion for sanctions be denied.

### CONCLUSION

In sum, the undersigned REPORTS and RECOMMENDS

1. that the plaintiff's motion for judgment on the pleadings be GRANTED, in part, such that the defendant be held liable, in an amount to be determined, for the attorneys' fees incurred by the plaintiff in connection with each of her two petitions to the SED;

2. that the plaintiff's motion for judgment on the pleadings be DENIED, in part, with respect to the attorneys' fees incurred by the plaintiff in connection with the impartial hearing and settlement conference;

3. that the determination of the amount of attorneys' fees to be awarded should be made following a determination of the defendant's liability for the attorneys' fees incurred

in connection with the impartial hearing and settlement conference;

4. that the question of attorneys' fees to be awarded in connection with the instant action be determined after all proceedings in this action are concluded; and

5. that the plaintiff's motion for sanctions be DENIED.

\* \* \* \* \* \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court with a copy to the undersigned within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); *IUE AFL—CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2nd Cir.1993); *Frank v. Johnson,* 968 F.2d 298 (2nd Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health and Human Serv.,* 892 F.2d 15, 16 (2nd Cir.1989) (per curiam).