**F.R. and K.R., Individually and on behalf of M.R., a minor, Plaintiffs,**

v.

**BOARD OF EDUCATION, Plainedge Public Schools, Defendants.**

**No. CV 99–2516.**

United States District Court, E.D. New York.

Oct. 7, 1999.

Leon & Deffet, by Michael E. Deffet, Hauppauge, NY, for Plaintiffs.

Ingerman, Smith, LLP, by Warren H. Richmond, Northport, NY, for Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action for an award of attorneys fees pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1415 (the "IDEA"). Plaintiffs seek fees pursuant to the provision in the IDEA that authorizes an award of fees to "the parents of a child with a disability who is the prevailing party" in connection with any action or proceeding brought pursuant to the IDEA. 20 U.S.C. § 1415(i)(3)(B). Defendant argues that an award of fees in this case is not authorized by statute and moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiffs' action in its entirety. For the reasons set forth below, the court holds that plaintiffs have stated a claim for an award of attorneys' fees and therefore denies the motion to dismiss.

## BACKGROUND

### I. *Factual Background*

The facts as set forth in the complaint, accepted as true for purposes of this motion to dismiss, are as follows. Plaintiffs F.R. and K.R. ("Plaintiffs") are the parents of M.R., a child born in June of 1983 who, at all relevant times, attended school within the Plainedge School District (the "District"). Defendant is the Plainedge Board of Education.

When M.R. was in first grade, he was diagnosed with Attention Deficit Disorder along with hyperactivity. His condition was improved with the use of medication, and, at that time, M.R.'s parents made no request for any special education services and none were provided. When M.R. was in the fourth grade, his teacher was changed for reasons that are not clearly set forth in the complaint. At no time prior to the involvement of plaintiffs' attorney did M.R.'s parents make any request that special education services be provided for M.R. and the District Committee on Special Education ("CSE") never met on his behalf. Nor during this time period were Plaintiffs advised by the District of any rights M.R. might have pursuant to the IDEA.

In October of 1998, as a result of M.R.'s behavioral difficulties, the District ordered that a psychological examination be performed on M.R. Plaintiffs allege that the results of this examination, as well as M.R.'s prior history, mandated a referral of M.R. to the District's CSE. Shortly

after the October 9 psychological examination, M.R. was suspended from school for an indefinite period of time due to behavioral difficulties. Plaintiffs state that the difficulties experienced by M.R. were the result of disabilities that had not been properly addressed by the District.

On November 5, 1998, Plaintiffs contacted counsel to discuss their child's rights. In a letter dated November 10, 1998, Plaintiffs' counsel advised the District that he would be representing Plaintiffs (the "November 10 Letter"). The November 10 Letter referred to a suspension hearing scheduled for November 16, 1998. Counsel advised the District that M.R.'s situation would be more properly addressed by the CSE and demanded an impartial hearing to determine whether the District's had failed to properly address M.R.'s needs.

The November 10 Letter stated that the requested impartial hearing could be resolved if the District agreed to immediately convene a meeting of the CSE on M.R.'s behalf for the purposes of classifying M.R. as either "Other Health Impaired" or "Emotionally Disturbed" and thereafter agreed to provide an appropriate and challenging educational program for M.R. The November 10 Letter also requested expungement of M.R.'s record with respect to his recent suspension. Finally, the November 10 Letter requested that M.R.'s full school file be forwarded to counsel for review.

In a letter addressed to Plaintiffs dated November 12, 1998, the District advised Plaintiffs that the CSE would meet on November 20, 1998 to discuss M.R.'s educational program. At the meeting, which was not attended by Plaintiffs' counsel, the District declined to classify M.R. as requested in the November 10 Letter.

On November 24, 1998, Plaintiffs' counsel wrote to the District's counsel stating that Plaintiffs disagreed with the District's

November 12, 1999 determination and again demanded that a hearing be held regarding M.R.'s status (the "November 24 Letter"). The November 24 Letter stated that the matter could be settled if the District agreed to change its decision regarding the classification of M.R., provide for a functional behavioral assessment, develop an individualized behavior intervention plan and provide counseling to M.R.

On December 10, 1998, the District CSE again met to discuss M.R.'s status. At that meeting, it was decided that M.R. would be classified, as requested by counsel, as "Other Health Impaired." It was further decided that M.R. would attend special classes in an program located outside of the District. Plaintiffs consented to the placement and M.R. remains in that placement to date.

On March 12, 1999, Plaintiffs' counsel wrote to the District's counsel stating that his clients were prevailing parties in proceedings with the District and requested reimbursement of approximately $2,000 in attorney fees. Counsel attached an itemized invoice detailing how his time was spent in the matter. Shortly thereafter, counsel for the District advised Plaintiffs' counsel of the District's belief that Plaintiffs were not entitled to reimbursement of their attorneys' fees. Thereafter, Plaintiffs commenced this lawsuit.

## II. *Defendant's Motion*

Defendant moves to dismiss on the ground that 1997 amendments to the IDEA preclude an award of attorneys fees. Specifically, defendant relies on a provision in the IDEA which states that notwithstanding any other provision of the IDEA, attorneys' fees may not be awarded "relating to any meeting of the IEP team unless such meeting is convened as a result of an administrative proceeding or judicial action . . ." [1] Relying on the fact that impartial

---

1. The "IEP" team referred to in the statute is the team preparing the student's "Individual-

ized Education Program." In New York State, the IEP team is the CSE. *See Connors v.*

hearings were never necessary and that the CSE meetings conducted in November and December of 1998 were not convened as a result of any administrative or judicial proceedings or orders, the District argues that attorneys fees may not be awarded.

## DISCUSSION

### I. *Standards for a Motion to Dismiss*

Defendants' motions are made in the context of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss is properly granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Harsco v. Segui,* 91 F.3d 337, 341 (2d Cir.1996); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). When considering a motion to dismiss for failure to state a claim, the court can consider only the facts as set forth in the complaint or documents attached thereto. When considering the facts pled, the court must accept as true all factual allegations in the complaint. All reasonable inferences must be drawn in favor of the non-moving party. *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College,* 128 F.3d 59, 63 (2d Cir.1997). A complaint should not be dismissed simply because a plaintiff is unlikely to succeed on the merits. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In view of the fact that defendant's motion presents a clear question of statutory interpretation, the case is properly adjudicated in the context of this motion to dismiss.

### II. *IDEA: Statutory Scheme and Attorneys' Fees*

The IDEA ensures that all children are provided a "free appropriate public education ... and related services designed to meet their unique needs ...." 20 U.S.C. § 1400(d). A "free and appropriate" education is one that benefits a child's particular educational needs with a program specifically tailored to that child. *Board of Educ. of Hendrick Hudson Cent. School District v. Rowley,* 458 U.S. 176, 181–82, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). A "Local Education Agency," in the case of New York State, the CSE, is charged with the responsibility of developing an "Individualized Education Programs" ("IEF") for children receiving services under the IDEA. 20 U.S.C. § 1414(d)(2)(A) (charging local education agencies with responsibility of developing IEP for each disabled child); N.Y. Educ. L. § 4402(1)(b)(1) (CSE responsibilities in development of IEP); *see* ·*Connors v. Mills,* 34 F.Supp.2d 795, 798 (N.D.N.Y.1998).

The IEP is a written document containing, *inter alia,* goals and instructional objectives, services to be provided, projections regarding the dates when such services will be offered and criteria for evaluating whether instructional objectives are being met. *Rowley,* 458 U.S. at 182, 102 S.Ct. 3034; *see* 20 U.S.C. § 1414(d)(1)(A). A child's IEP is required, by statute, to be reviewed and, if appropriate, revised, on an annual basis. *Rowley,* 458 U.S. at 182, 102 S.Ct. 3034; *see* 20 U.S.C. § 1414(d)(4)(A)(i).

The IDEA recognizes the importance of parent involvement in the development of a student's IEP. Thus, the statute incorporates procedural safeguards giving parents a meaningful opportunity to help formulate and, if necessary, object, to a school district's decision regarding their child's education. *Honig v. Doe,* 484 U.S. 305, 308, 311, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). For example, parents are invited to attended the district's CSE meeting, as members of an "IEP Team" to participate in development of their child's IEP. *See* 20 U.S.C. § 1414(d)(1)(B). Parent objections

*Mills,* 34 F.Supp.2d 795, 798 (N.D.N.Y.1998); 20 U.S.C. § 1414(d)(1)(B); N.Y. Educ. L.

§ 4402(1)(b)(1).

to an IEP may be heard at an "impartial due process hearing" 20 U.S.C. § 1415(f), and, ultimately, in either state or federal court, 20 U.S.C. § 1415(i)(2).

If a parent or guardian of a child successfully enforces a child's rights in any action or proceeding brought pursuant to the IDEA, the court may award a reasonable attorneys' fee as part of the costs of the action. 20 U.S.C. § 1415(i)(3)(B). To qualify for an award of fees, the party enforcing the child's rights must be a "prevailing party" within the meaning of the IDEA. 20 U.S.C. § 1415(i)(3)(B).

The prevailing party standard has been interpreted generously by the Supreme Court and the Second Circuit. *See Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); *G.M. v. New Britain Board of Education*, 173 F.3d 77, 81 (2d Cir.1999); *K.R., as Natural Mother and On Behalf of M.R. v. Board of Educ. of Brentwood School District*, 66 F.Supp.2d 444, 449 (E.D.N.Y.1999). Thus, it has been held that parents are prevailing parties if "they succeed on any significant issue on litigation which achieves some of the benefit the parties sought in bringing the suit." *New Britain Board of Education*, 173 F.3d at 81. The relief obtained need not be identical to all relief initially demanded; the prevailing party need only "show a causal connection between he relief obtained and the litigation in which fees are sought." *Id.*, quoting, *Koster v. Perales*, 903 F.2d 131, 135 (2d Cir.1990).

Litigation is deemed causally related to the relief obtained if it was a "material contributing factor" in bringing about the desired result. This may be deemed to occur either because a court order requires the relief sought or because the litigation was a "catalyst" in bringing about the relief sought. Pursuant to the "catalyst" theory, fees are awarded if the pressure of the lawsuit was a material contributing factor bringing about extraju-

dicial relief. *New Britain Board of Education*, 173 F.3d at 81.

In addition to reimbursing parents for legal services rendered in connection with full scale litigation, attorneys' fees under the IDEA have been awarded for legal services rendered in connection with impartial hearings and in connection with pre-hearing settlements of disputes. *See, e.g., K.R., as Natural Mother and On Behalf of M.R. v. Board of Educ. of Brentwood School District*, 66 F.Supp.2d at 448 (E.D.N.Y.1999); *Shanahan v. Board of Educ. of Jamesville–Dewitt School District*, 953 F.Supp. 440, 443 (N.D.N.Y.1997). Generally, attorneys' fees become compensable to prevailing parties when the attorney requests an impartial hearing on behalf of the student. *Shanahan*, 953 F.Supp. at 443. In such cases, the request for the impartial hearing is deemed a material contributing factor to obtaining the relief sought. *See, e.g., K.R., as Natural Mother and On Behalf of M.R. v. Board of Educ. of Brentwood School District*, 66 F.Supp.2d at 451 (E.D.N.Y.1999) (holding that plaintiff was a prevailing party and entitled to attorneys fees under IDEA where case was settled at a conference held prior to impartial hearing); *Hannigan v. Board of Educ. of Brunswick Cent. School District*, 1997 WL 10971 *3 (N.D.N.Y.1997).

### III. *The 1997 Amendment to the IDEA and The District's Argument*

In 1997, the attorneys' fees provision of the IDEA was amended to provide that attorneys fees could not be awarded "relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action ..." 20 U.S.C. § 1415(i)(3)(D)(ii). The legislative history accompanying this amendment expresses the belief of Congress that "the IEP process should be devoted to determining the needs of the child and planning for the child's education with parents and school personnel. To that

end, the bill specifically excludes the payment of attorneys' fees for attorney participation in IEP meetings." H.R. Rep. 105–95, 1997 USCCAN 78, 1997 WL 258948.

Clearly, the 1997 amendment was intended to discourage attorney participation in routine IEP meetings. The presence of attorneys in such situations was no doubt thought to contribute to an adversarial atmosphere that might inhibit the parties from working together to develop an agreeable plan. The court cannot agree, however, that the amendment was intended to prohibit completely any award of attorneys fees in cases where the IEP meeting is held in direct response to an attorney's request for an impartial hearing. In such cases, the IEP meeting may have been convened to settle the parties' dispute and would likely not have been held at all, but for the attorney involvement.

Relying on a case decided prior to the 1997 amendment of the IDEA, which held that the pre-amendment statute prohibited an award for attorney involvement in routine IEP meetings, the District argues that the 1997 amendment must be construed in a broader fashion or it would be unnecessary and meaningless. Specifically, the District notes the holding of the court in *Shanahan v. Board of Educ. of Jamesville–Dewitt School District*, 953 F.Supp. 440, 443 (N.D.N.Y.1997). There, the court applied the pre–1997 IDEA and held that the statute did not allow for recovery of attorney fees for time spent in meetings held to prepare an IEP. *Accord Fenneman v. Town of Gorham*, 802 F.Supp. 542, 545–46 (D.Maine 1992).

Arguing that *Shanahan* represented the clear law prior to 1997, the District contends that the 1997 amendment must be construed to broaden what was already the law prior to 1997 to prohibit an award of attorneys fees where, as here, a dispute is resolved in the absence of a court or administrative order, by convening a CSE meeting and formulating the requested IEP.

In the court's view, the District's interpretation of the 1997 amendment is far too broad and is therefore rejected. First, it is by no means clear that *Shanahan* and *Fenneman* (upon which *Shanahan* relied) represented the uniformly applied law throughout the country prior to the 1997 amendment to the attorneys' fee provision of the IDEA. It is entirely likely that prior to 1997 some courts may have awarded fees in connection with attorney participation in IEP meetings. The 1997 amendment was likely intended to clarify the intent of Congress with respect to attorney involvement in such meetings. Construction of the amendment to clarify the law in this regard by no means renders the amendment unnecessary.

Moreover, adoption of the District's position frustrates the policy behind the attorneys' fee provision of the IDEA—a provision that is to be construed liberally and "generously." *See Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); *G.M., v. New Britain Board of Education*, 173 F.3d 77, 81 (2d Cir.1999); *K.R., as Natural Mother and On Behalf of M.R. v. Board of Educ. of Brentwood School District*, 66 F.Supp.2d at 449 (E.D.N.Y.1999).

The District's construction of the IDEA would discourage attorney involvement in any case that could be settled by convening a CSE meeting to prepare an IEP on behalf of an aggrieved student. Rather than seeking to settle disputes in this manner, it would be in the interests of attorneys representing families to continue to litigate rather than seeking to resolve the matter in the most expeditious and efficient manner. Ultimately, this would increase the cost to school districts and families and would unnecessarily delay the proceedings. On the other hand, allowing for an award of fees in cases such as this furthers the purposes of prompting attorneys to aid in the prosecution of student

rights under the IDEA while also encouraging early settlements of such disputes.

### IV. *Plaintiffs Have Stated A Claim For an Award of Attorneys Fees*

■ Applying the above-referenced principles to Plaintiffs' complaint, the court has no difficulty holding that Plaintiffs have set forth a viable claim for attorneys fees pursuant to the IDEA. As noted, fees are available in cases where an impartial hearing was requested but the case is resolved prior to the hearing. *See, e.g., K.R., as Natural Mother and On Behalf of M.R. v. Board of Educ. of Brentwood School District,* 66 F.Supp.2d at 448 (E.D.N.Y.1999); *Shanahan v. Board of Educ. of Jamesville–Dewitt School District,* 953 F.Supp. 440, 443 (N.D.N.Y.1997). This remains the law even after the 1997 amendments to the attorneys' fee provision of the IDEA.

Plaintiffs seek reimbursement for counsel fees spent in challenging the District's decisions to suspend M.R. and the refusal to properly classify him as a student in need of special education services. Counsel became involved in the matter after M.R.'s suspension and twice requested that impartial hearings be held. The only reason such hearings were not held was that the District acceded to each of the demands set forth by plaintiffs' counsel and thereby resolved the issues before the hearings. Thus, after counsel became involved, the District agreed to hold a CSE meeting and ultimately agreed to classify M.R. precisely as requested by plaintiff's counsel.

Finally, the court notes that plaintiffs do not seek fees in connection with their attorney's presence at the CSE meetings held to develop and modify M.R.'s IEP. Plaintiffs' counsel was present at neither the November nor December CSE meetings. Instead, as set forth in counsel's detailed invoice, fees sought to be reimbursed relate to attorney work performed in connection with investigation of the case, discussions with opposing counsel, client meetings and preparation of requests for impartial hearings. Such expenses are clearly reimbursable under the IDEA.

### V. *Plaintiffs' Status as Prevailing Parties*

The procedural posture of this case makes it inappropriate, at this juncture, to rule on the issue of whether Plaintiffs are prevailing parties within the meaning of the IDEA. Defendants' motion to dismiss was based only on the 1997 amendment to the IDEA. Having denied the motion on that ground, Plaintiffs' case may proceed.

The court notes, however, that the documents presently before the court appear to indicate that Plaintiffs fall into the category of litigants entitled to reimbursement of fees. As noted, it was not until counsel became involved that the District agreed to convene a meeting of the CSE on behalf of M.R. While the District refused to classify M.R. as a student in need of special education services at the initial CSE meeting, the second CSE meeting resulted in the classification of M.R. exactly as requested by Plaintiffs. Had it not been for the attorney involvement, it is doubtful that any CSE meeting would have been held and virtually certain that M.R. would not have been classified as requested by his parents. Under these circumstances, it would be easy to find that Plaintiffs' attorney's actions were a "material contributing factor" in bringing about the desired result. Clearly, the attorney involvement appears to have been a "catalyst" in bringing about the relief sought.

Nonetheless, this is an issue that has not been briefed and the District's characterization of the CSE meetings on behalf of M.R. as being held "in response to a parental request," appears to take issue with Plaintiffs' counsel's apparent characterization as the "catalyst" in bringing about a favorable settlement of this matter. In light of this apparent disagreement and the fact that the issue has been neither

raised nor briefed, the court will not decide the prevailing party issue and declines to order an award of fees at this time. The court holds only that Plaintiffs have stated a claim for relief under the IDEA and that defendant's motion must therefore be denied.

*CONCLUSION*

Defendant's motion to dismiss plaintiffs' complaint is denied. The parties are to contact the court within twenty days of the date of this Memorandum and Order to advise the court as to whether the fee issue in this case can be resolved. In the event that the issue cannot be resolved, the parties will be ordered to contact the Magistrate Judge assigned to this matter to agree upon a discovery schedule.

SO ORDERED